IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOHN JONES,

        Movant,

v.                                  CIVIL ACTION NO.  5:05-cv-00164
                                        (Criminal No. 5:02-cr-00178-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION**

      By Standing Order entered on July 21, 2004, and filed in this case on February 23, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort filed his PF&R on November 6, 2007 [Docket 108].  In that filing, the magistrate judge recommended that this Court deny Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket 53], dismiss this matter, and remove it from the Court's active docket.

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and Movant's right to appeal this Court's Order.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge VanDervort's PF&R were

due by November 28, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed.

The Court notes that on November 20, 2007, the PF&R was returned to the Clerk's office as undeliverable. Despite his failure to "advise the clerk promptly of any change[] in . . . address[,]" as he is obligated to do under the local rules for appearing *pro se* in this Court, the PF&R was forwarded to Movant's current address on that same date. Thus, the Court **FINDS** that Movant has had ample time to file objections or request for an extension of time after receipt of the PF&R at his new address, and has failed to do so. Because he has failed to object to the PF&R, the Court **FINDS** that Movant has waived his right to *de novo* review and his right to appeal this Court's Order. *Snyder*, 889 F.2d at 1366; *Schronce*, 727 F.2d at 94.

Having reviewed the PF&R, the Court **ADOPTS** the magistrate judge's recommendation, and rejects the arguments contained in Movant's motion. However, the Court rejects Movant's reliance on *United States v. Booker*, 543 U.S. 220 (2005) for a different reason. The magistrate judge correctly found that *Jones v. United States*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002), were decided prior to Movant's sentencing, and consequently, because the record does not indicate any good cause or reason for his failure to raise these cases on direct appeal, the Court will not entertain Movant's arguments in these proceedings.

With respect to Movant's reliance on *Booker*, the Court **FINDS** that *Booker* is inapplicable to his § 2255 motion because Movant's sentence became final in 2004, several months before the Supreme Court decided *Booker*. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (holding that *Booker* is not retroactively applicable to cases on collateral review). Accordingly,

Movant does not get the benefit of relying on *Booker* in support of his motion, and no further analysis is necessary.[*]

For these reasons, the Court **DENIES** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket 53]. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: February 11, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] While this motion was pending, Movant was released from confinement on June 13, 2006, and began serving his three year term of supervised release on that date. On July 30, 2007, his supervised release was revoked and he was sentenced to a term of four months imprisonment, which amounted to time served, and another term of supervised release of thirty-two months. Because Movant only challenged the length of his sentence, his release also renders this motion moot, as no "collateral consequences" of his conviction exist because his term of supervised release would not be affected by a reduction in the length of his original sentence. *See Spencer v. Kemma*, 523 U.S. 1, 7 (1998).